We'll move to our fifth argument of the morning. It's in case number 23-1863, the United States v. Thomas Wilkinson. So, Mr. Patton, good morning. Mr. Canestro, good morning. Good morning, Your Honors. I'm Tom Patton, and I'm here on behalf of Tom Wilkinson. The enhanced mandatory minimums in the Maine Drug Statute, 21 U.S. Code 841, and the penalty section, B1, are not automatic. To get the enhanced penalties, and they're not automatic by design. Congress, when they updated the drug laws, made a conscious decision to say, hey, for the enhanced mandatories to apply, the words of the statute, has to file a notice before trial or before plea, stating their intent to seek the enhanced penalties, and identifying the particular priors that will be used. I know we spent some time looking at the Lewis case, and the standard of review that was applied there is plain error, and here, we'll be looking at, as you articulated, the harmless error standard. And so, does that I think it does, Your Honor. And, look, I will say, this court has been generous to the government on how it can comply with Section 851. And I would argue that, in light of Ms. Chavez, that some of this court's case law on that is on shaky foundation. If I have that situation come up, I would be arguing, you can't combine documents. The Supreme Court made that pretty clear. Look, I know that's an alien case. This is 851. But I do think it is consistent, because here, first, this court has never said findings in an indictment can satisfy 851. And, again, 851 says the filing has to be by the United States Attorney, and we cite quite a bit of Supreme Court case law in our reply brief that talks about how the grand jury is an independent body. It is not part of the Department of Justice. And the grand jury's return of indictment in no way can be equivalent to or equated with a filing by the United States Attorney. Mr. Patton, is there any sense here that counsel may have known or the defendant may have known that the prior crime that was used in the 851 would not qualify as a serious drug offense and relied on that in pleading guilty? No. Our office, we didn't catch that the Missouri trafficking in drugs, second degree, didn't meet that definition. So the whole point behind the 851, the case law makes clear, is notice. Make sure the defendant has notice. It seems like your client had notice here. It's more than notice, Your Honor. Notice is a part of it, okay? But the requirement is that the United States Attorney file an information that identifies not just, hey, we're going to get in, we want to get the higher penalty. It has to say we want the higher penalty and this is the particular prior we will use to do it. What's the purpose of that if it's not notice? Oh, it's certainly part of it is notice, but it's also part of it so that the defendant can, it's notice of a particular prior so that a defendant can then challenge whether or not that particular prior meets the definition of a serious drug felony or now a serious violent felony. What did the notice in this case, the 851 information, what did it put Mr. Wilkinson on notice of? We reproduced it in our brief, Your Honor, it's on page four and five. It said that comes United States, hereby gives notice pursuant to 851 of the following prior conviction of the defendant which qualifies as a basis for a sentencing enhancement. The defendant was convicted of trafficking in drugs in St. Francis County, Missouri in case number 01CR615236 and as a result it then says there was more than a year, it's a felony, or excuse me, had a stat max of over 10 years. He served more than a year and he was released within 15 years of the federal offense. Is there anything in that information that suggests that the government would also consider other convictions? No, Your Honor. And it gets me to a point in the government's brief, they say, well the 851 notice didn't exclude anything. Of course it did.  Any prior that is not listed in the 851 notice is excluded from being relied upon to seek the enhanced penalty. It is the point, right? And I'd also make the point that a statute or say the rules of criminal procedure or the rules of appellate procedure, yes, they deal with procedures. But even if we accept the 851 information notice, there was a mistake made as to putting on notice as to what crimes the government were considering or convictions. How is that harmless? Well, I would correct you a little bit. There was no confusion about which prior the government gave notice it would rely on. Okay. So they identified it. The reason it is not harmless error is because the government, because the one and only prior that they gave notice of did not substantively meet the definition of a serious violent felony, then the enhanced penalties of 841B1A cannot be applied. And therefore, the mandatory minimum on count one is ten years. So that when combined with the 924C count, the mandatory minimum is 15 years. If we reverse and remand for sentencing, can the government just file another 851? No, because it has to be filed before the guilty plate. Now, what the government could argue if you reverse and remand is, hey, he was on notice. He thought he was going to get 15 years. Judge, you should consider that in deciding what sentence to impose. I'm not going to agree with that on resentencing. Make it 3553A. Yeah. The sentencing transcript, unless I've read it wrong or I'm mistaken in the reading of it, the district court had some hesitation with the 15-year mandatory minimum but felt on the conclusion she reached about the adequacy of the notice that it's required. It's a statutory mandatory minimum. So I think that's the reason, in my view, the error is not harmless. Right. I mean she repeatedly, we laid it out in our reply brief where she repeatedly said, look, I'm severely limited on what I can do here because she agreed with us career offender overstated the seriousness. She agreed with us that the meth actual versus meth mixture under the guidelines just is over serious. Went down to the 20 years, and I think the real kicker is when she finally was articulating the sentence, she said this sentence is more than sufficient to comply with the requirements of Section 3553A. Counsel, we accept your argument, though. Wouldn't a Section, I guess, 851 information always be harmful? If there is an error, looking at the Lewis case, if there is an error, wouldn't it always be harmful? If they identify a prior that does not meet the definition of serious violent felony, then yeah, it's always, that can't be used. So there could be errors that are, that I think you would have a harder time at the podium. If it was, yeah, yeah, yeah, the felony is listed, but there's a typographical error. Sure. And that gets you to like the Sixth and Eighth Circuit cases that said that just saying in the indictment is good enough, but making that finding based on the cases that say, well, we're not going to put form over substance, where we identified the correct prior, the correct case number. We gave the wrong year of conviction. And yeah, the 851A itself says clerical errors can be corrected. So, yeah, if you're talking about that, think in the Eighth Circuit case, the Currell case, they called it a drug distribution prior but gave the right case number. And it turned out it was simple possession. And back in the day, a felony simple possession was sufficient. So that clearly is, those things are different than you only identify one prior and then that prior, everyone admits, just simply is not a serious drug felony. Do you want to save a little time? If I could, please. Sure. You can ask her good morning. May it please the Court. Good morning, Your Honors. Jeff Kinstra on behalf of the United States. At the outset, the government acknowledges, as we did in the district court, that we made a mistake in identifying whether the second-degree drug trafficking conviction qualifies as a serious drug offense. That's our mistake, and we do regret that. Let me start with the indictment. How does the indictment returned by a grand jury constitute a filing made by the United States? So, in a couple of respects. Of course, there's a precedent that we rely on that the Sixth and Eighth Circuits have both found that it is. A rule-based way to get at it is through Rule 7. Rule 7 addresses indictments and informations, and it says essentially that the government can always proceed by indictments, which entails presentment to a grand jury. But with the defendant's consent, the government can also proceed by information on most offenses. In that context, the government doesn't have to present it to a grand jury. But in any context— In that case, in an information, it's being presented by the United States attorney and not by the grand jury. So that's the distinction between the indictment and the information is the charging document. Right. And so the argument, then, is essentially that the greater includes the lesser. Under Rule 7, any time the government can proceed by information, it can also proceed by indictment. And, of course, with an indictment, the grand juries don't draft indictments. The only way that this comes before the grand jury is if the government decides to pursue the charge, drafts the indictment to include whatever the indictment does conclude, presents it to the grand jury, and then the grand jury returns the indictment, after which the prosecutor then signs it on behalf of the United States attorney. You're relying on the Eighth Circuit. There was more in the Eighth Circuit case. I think that was the Johnson case. It wasn't just—it said it in the indictment. The indictment specifically identified Section 851 as directed by the statute. It made clear they intended to rely on that for the enhancement. There was a trial memorandum filed noting that the two prior narcotics fell under 851. So it was more than just the indictment, and the court said, on this record, we believe the government has established. Sure, and I think that's fair, but each of those circumstances is equally present here. Here, just as in Johnson and also in Roundtree, the indictment listed the prior offense. It called it a serious drug felony. But it never cited 851 or said we intend to rely on this for purposes of enhancement. It said it's relevant to sentencing. The indictment did cite 851. In the Johnson case, was there an information filed? I don't believe so. And so the indictment is really the first step here because the indictment is the information that gave the defendant the notice that's required. Mr. Kinstra, let me ask you a hypothetical. Suppose this afternoon someone in your office called Mr. Patton and said, next week, if your client does not decide to plead guilty and resolve this, we will file an 851 prior felony information, and I'm about ready to email you a letter to that effect. Does it? The defendant doesn't plead, and then the government forgets to file the 851. What outcome? There's no question Mr. Patton is on notice. And further, suppose that he shares a copy of the letter with his client and says, hey, this 851 stuff is serious business. Your penalty is going to about double. But the government just threw oversight. They're busy. You just forget to file the 851. What's the outcome? That would be more difficult. I think, honestly, that's very similar to this court's decision in Williams where the government did file an information, but it referred just generically to some other document. It incorporated by reference. It's different. But it incorporated by reference a document that the defendant never received and that was never filed on record. But to your point, I think it is. But it filed an 851 notice. That's correct. I think the more difficult part of your question is, in that circumstance, nothing has been filed with the district court? Zero. Nothing. And, of course, that's not present. But what I'm trying to do is I think there's no question it's about notice. There's absolutely no doubt about that. But it's notice in a congressionally prescribed form in the same way that 18 U.S.C. 3593A provides very precise prescription as to what notice needs to be filed by the government to seek a death sentence. And it would shock me if the government did not take the position that it has to comply to the letter with that in a capital case. I understand that viewpoint. It's perfectly reasonable. This court's precedent has taken, as Mr. Patton acknowledges, a broader view and viewed 851 as a matter of? The problem with our functional approach, with all respect to our precedent, is it gets very slippery on a functional slope. I take that point as well. I think one way to reconcile this court's precedent and perhaps segue into the other issue is that in some circumstances I think it's almost a way of applying essentially a harmless error analysis but through compliance with 851. Your Honor, to your earlier point about the harmlessness, the legal standard here is very important. The legal standard is not limited to whether, absent the enhancement, the defendant would have received the same sentence. Instead, harmless also includes if, absent the procedural error, the defendant would have received the same enhancement.  That's exactly what this court held in Williams as well as in Lewis. In Williams, for example, the enhancement led to a mandatory life sentence. Plainly, the court wasn't believing that, absent that enhancement, the defendant would have received the same sentence. Instead, the point was that? The deficiency in Williams is different though because the document was deficient but it definitely incorporated by reference a document that did include the requisite predicate. Right, but so harmlessness assumes that there has been an error. When we get to harmless, we assume that the government has not complied with 851 as to the attempted manufacture conviction. Then the question is, had it complied, had the 851 notice here specified attempted manufacture, would anything else in the case have gone differently? I understand Mr. Patton to be conceding that no, the answer is no. He said his office and the defendant did not rely on the information specifying one as opposed to the other. The defendant also wasn't deprived of an opportunity to challenge whether the attempted manufacture conviction, in fact, qualifies. How was he not allowed to challenge that or permitted to challenge that if we don't learn about it until after he's pled and that plea has been accepted? The purpose of the 851 information is to allow the defendant to be able to make an intelligent decision regarding pleading guilty. He was not aware, the government was not aware that the trafficking didn't count. So how was he given the opportunity to contest the prior conviction if it wasn't being considered by the government? When defendants contest whether the convictions actually qualify as serious drug offenses, that occurs typically at sentencing. So the defendant will be advised of the change of plea hearing, here's what penalties you're facing, and then typically it's when the pre-sentence report comes out that the defendant at that point will challenge, actually no, this conviction isn't a serious drug felony or maybe this isn't my conviction. But here he pled guilty. He pled guilty with the understanding that a particular conviction was going to be used against this individual at sentencing. That's correct. So he had the opportunity to challenge whether this particular conviction, the conviction that gave rise to the enhancement, which is the attempted manufacture, he had the opportunity to challenge at sentencing whether that, in fact, is a serious drug felony. And so what remains then is, had the 851 notice specified that conviction as opposed to the other, would that have affected his guilty plea? But that undermines the very essence of 851. No, that just recognizes that 851 is subject to harmless error analysis, as this court's binding precedent recognizes. In Lewis, for example, the government did not file any 851 information. So clearly there was an error there. But the court recognized that there wasn't an effect on the substantial rights. In the substantial rights analysis in Lewis, I think we'd say that a deficient capital sentencing notice is subject to harmless error. And I'm not trying to bring you in on a discussion about the appropriateness of the death penalty or anything like that. But 851 has serious sentencing consequences. I mean, serious for defendants. They could be tantamount to life sentences. And that's exactly what this court confronted in Williams, where it did, in fact, find harmless error as a holding of the court. So again, the law—and I'd add that this is not unique to 851. In the Apprendi and Allain context, for example, this court has found harmless error based on a preserved Apprendi error, where the district court imposed a sentence that was longer than the statutory maximum that would apply without the enhancement. So obviously there, the court was not resting its harmlessness analysis on believing that, absent the enhancement, the court would have imposed the same sentence. The question was, had the appropriate procedures been followed, had the jury been asked in that circumstance, would it have found the enhancement to apply? So here, had the appropriate procedures been followed, had 851 specified the attempted manufacturer conviction, everything else would have been the same. And that is what, under this court's precedent, renders any error harmless. Mr. Honors, do you have any further questions?  Mr. Kinster, thank you very much. Appreciate it. Mr. Patton. Thank you. If I could make a few quick responses. With regard to the—that the United States attorney signs the indictment, on page 7 of our reply brief, we cite from Crawley v. United States, from 1904, Supreme Court, the indictment embodies charges made by grand jurors, and the signature of the United States attorney merely attests the actions of the grand jury. The fact that an AUSA signs it doesn't matter. Mr. Patton, do we have to overturn Williams to find for you? No, because Williams found actual compliance with 851. Its entire discussion of harmless error was dictated because it found that 851 had been complied with. Now, again, I'll tell you— The disincorporation. The disincorporation by reference. Correct. Right. It identified one prior and then said, oh, and any other prior that's in the pretrial services report that qualifies. So anything Williams says—everything Williams says about harmless error is a dicta. Under the government's view of harmless error here, it never has to file an 851 notice because— That's what I worry about. Right. I mean, that's—and the government has cited any case. I haven't found any case either where it's, well, there's some stuff in the indictment. It doesn't say we are going to rely on it. It says it's relevant. But then there's a subsequent 851 notice actually filed that identifies one particular prior. And look, the AUSA made a mistake, all right? It's not the end of the world. I mean, Mr. Wilkinson's still looking at a long sentence. It happens all the time in the law. People are held—parties are held responsible for their lawyers' mistakes. I've done it. You know, welcome to the club. And you don't like it when it happens, and Ms. Zuberger's a good AUSA. I'm pretty confident she's not going to make that mistake again. It's a weird statute. It's literally called drug trafficking in the second degree. It's just it has a section that applies to simple possession. And so, yeah, the government is bound by the error that was made. And that's not, you know, disproportionate to anyone. And it's just a mistake. And it would be the same as if I told the government we are absolutely appealing. We're going to appeal this, but I don't file the notice of appeal until the 16th day after the judgment gets entered. That case gets dismissed as untimely. It doesn't matter that the government—I told the government I want to appeal it. There is a rule that says this is what you have to do to preserve your right to appeal. So thank you. No, we thank both of you. Really appreciate it for the quality of the briefing and the adequacy. We'll take the appeal under advisement.